**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT M. ALPINO,                                    Civil Action No. _____2:20-1065_____

        Plaintiff,

        v.

PLUM BOROUGH SCHOOL DISTRICT,

        Defendant.                                    JURY TRIAL DEMANDED

## <u>COMPLAINT</u>

Plaintiff, Robert M. Alpino, by undersigned counsel, files this Complaint and in support alleges the following.

### I. Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1), and 28 U.S.C. §§1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2.      Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in the Western District of Pennsylvania.

### III. Administrative Remedies

3.      Alpino has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

        a.      On June 7, 2019, Alpino filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination.

        b.      On June 7, 2019, Alpino cross-filed his timely complaint of discrimination with the Pennsylvania

Human Relations Commission (PHRC).

c.     This case was filed more than 60 days after filing of the EEOC charge.

d.     More than one year has lapsed since the date Alpino filed his PHRC complaint.

## IV.  Parties

4.     Alpino is an adult individual who resides in Allegheny County, Pennsylvania.

5.     Defendant, Plum Borough School District, as its business address at 900 Elicker Road, Plum, Pennsylvania 15239.

6.     At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

7.     At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V.  Facts

8.     Alpino started working for Defendant in February 2001 and held the position of Athletic Director throughout his tenure.

9.     On June 27, 2018, Alpino met with then-High School Principal Justin Stephans to receive his annual performance review.

10.     As a result of Alpino's good performance review, Defendant issued him a raise in July 2018.

11.     Immediately after Alpino's meeting with then-Superintendent Stephans, he met with Defendant's current Superintendent, Dr. Brendan Hyland, who informed Alpino

2

that he decided to open Alpino's position and require any interested applicants, including Alpino, to apply for it.

12.    When Defendant posted the job, Defendant changed the scope of duties of the Athletic Director position to include additional responsibilities performed by the Activities Coordinator.

13.    Alpino applied and underwent two rounds of interviews, on July 30, 2018 and August 2, 2018, for the Athletic Director position that he had been performing for seven years.

14.    On September 4, 2018, Superintendent Hyland informed Alpino that Defendant did not choose him for the Athletic Director position and that his employment would end sometime in the fall 2018.

15.    Defendant terminated Alpino on November 2, 2018.

16.    Defendant replaced Alpino, age 58, with a significantly younger, less qualified individual.

17.    Alpino's replacement, however, did not perform the additional "activities" responsibilities that were added to the revised Athletic Director position that Defendant posted.

18.    At no time during his employment did Alpino received any disciplinary action or warnings of any performance problems.

### Count I - ADEA

19.    Alpino incorporates paragraphs 1 through 18 as though the same had been fully set forth at length herein.

20.    Defendant terminated Alpino because of his age, in violation of the Age

Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

21.   Defendant's violation of the ADEA was willful.

WHEREFORE, Alpino demands judgment as follows:

a.   That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.   That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.   That Defendant be required to provide Plaintiff with front pay;

d.   That Defendant be required to compensate Plaintiff for lost fringe benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.   That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f.   That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.   That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.   That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## PHRA

22.   Alpino incorporates paragraphs 1 through 21 as though the same had been fully set forth at length herein.

4

23.    Defendant's termination of Alpino was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

24.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, Alpino has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Alpino demands judgment as follows:

a.    That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.    That Defendant be required to provide Plaintiff with front pay;

d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

5

Respectfully submitted:

Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700

Attorneys for Plaintiff,
Robert M. Alpino